E-FILED
Monday, 02 November, 2026 10:37:35 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **ZACHARY DILLON REGISTER,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 26-4181** |
| | ) | |
| **JACK HARLAN, *et al.*,** | ) | |
| **Defendants.** | ) | |

**<u>MERIT REVIEW ORDER</u>**

Plaintiff, proceeding *pro se*, filed an Amended Complaint under 42 U.S.C. § 1983 alleging his constitutional rights were violated at the Knox County Jail. (Doc. 10). The Court must "screen" Plaintiff's Amended Complaint, and through such process, identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* In reviewing the Amended Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *See Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient, however. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

**ALLEGATIONS**

During the relevant period, Plaintiff was in the custody of the Knox County Jail ("Jail"). It is unclear whether Plaintiff was a convicted prisoner or a pretrial detainee.

Plaintiff files suit against Defendants Knox County Sheriff Jack Harlan, Chief Deputy/Jail Administrator Lindsey May, Assistant Jail Administrator Barbara Schulze, Chief of Jail

Operations Brad Abernathy, Advanced Correctional Healthcare Inc. ("ACH"), Dr. Woods, Nurse Practitioner Sain-Wright, and x-ray technician Jane Doe.

Upon arriving at the Jail on October 3, 2025, Plaintiff alleges Defendant Dr. Woods began "messing with [his] prescribed medications and dosages," which severely impacted Plaintiff's mental health. (Doc. 10 at p. 7). Plaintiff alleges Defendant Dr. Woods discontinued Plaintiff's mental health medications "cold turkey" rather than slowly lowering the dosages. *Id.*

On January 24, 2026, Plaintiff complained to Defendant Dr. Woods about his spine/back pain and requested pain medication and x-rays. Defendant Dr. Woods examined Plaintiff's back and allegedly said that "unless [Plaintiff] was pregnant there was nothing he could do." *Id.* Plaintiff alleges Defendant Dr. Woods failed to refer him to a specialist.

On April 28, 2026, Defendant Nurse Practitioner Sain-Wright examined Plaintiff's spine and indicated she would "get clearance from the Federal Marshals" for x-rays. *Id.* at p. 8. On May 26, 2026, Plaintiff saw Defendant Sain-Wright regarding an unrelated medical issue and inquired about the status of his x-rays. Defendant Sain-Wright allegedly told Plaintiff that "both [she] and admin denied them." *Id.* When Plaintiff told Defendant Sain-Wright that he planned to file a complaint against her, Defendant allegedly refused to treat Plaintiff and asked a correctional officer to escort him out of the nurse's station. Plaintiff alleges Defendant Sain-Wright still refuses to see him.

On July 20, 2026, Defendant Jane Doe, an x-ray technician, took x-rays of Plaintiff's spine. Plaintiff alleges Defendant Jane Doe was unprofessional and commented that Plaintiff was "too big." *Id.* at p. 10. Plaintiff also alleges Defendant Jane Doe did not put a lead apron on him when she took the x-rays.

Plaintiff alleges Defendant ACH employs Defendants Dr. Woods and Nurse Practitioner Sain-Wright. Plaintiff alleges Defendants Sheriff Harlan, May, Abernathy, and Schulze ignored his grievances regarding his medical care. Plaintiff states he named Defendants Harlan, May, Abernathy, and Schulze because he has "been in the detention of the Knox County Jail where they all work and are responsible for inmates['] healthcare." *Id.* at p. 6.

**ANALYSIS**

While Plaintiff's Amended Complaint raises plausible claims regarding his mental health medications and the treatment of his spine/back pain, these claims are not properly joined in one lawsuit. Unrelated claims against the same Defendant may be joined in one action, but different Defendants can be joined in one action only if the claims against them arise from the same series of transactions or occurrences. FED. R. CIV. P. 18, 20; *Kadamovas v. Stevens*, 706 F.3d 843, 846 (7th Cir. 2013) (court "can require the plaintiff 'to file separate complaints, each confined to one group of injuries and defendants.'") (quoted cite omitted); *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) ("A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot. Joinder that requires the inclusion of extra parties is limited to claims arising from the same transaction or series of related transactions."); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits…."). Plaintiff's claim against Defendant Dr. Woods for allegedly changing the dosages of his mental health medications is unrelated to Plaintiff's claim against Defendants Dr. Woods and Sain-Wright regarding the treatment of his back/spine pain.

Plaintiff alleges Defendant ACH refused to provide him with medical treatment and employed Defendants Dr. Woods and Sain-Wright. Private corporations, such as Defendant ACH, have potential liability under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), if they perform a governmental function and, in doing so, injure plaintiff through an unconstitutional policy or practice. *Iskander v. Vill. of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982). Since there is no *respondeat superior* liability under § 1983, ACH cannot be liable for the alleged misdeeds of its employees, as employees are responsible individually. *Lewis v. City of Chicago*, 496 F.3d 645, 656 (7th Cir. 2007). ACH has potential liability only if it had an unconstitutional policy, practice, or custom which caused the constitutional deprivation. *Shields v. Ill. Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014). "Liability may be based on (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express policy, is so permanent and well-settled as to constitute a custom or usage with the force of law; or (3) a constitutional injury caused by a person with final policy making authority." *Taylor v. Wexford Health Sources, Inc.*, No.15-5190, 2016 WL 3227310, at *4 (N.D. Ill. June 13, 2016) (citing *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000)). Defendant ACH is dismissed without prejudice for failure to state a claim under Rule 12(b)(6) and § 1915A.

Plaintiff's Amended Complaint does not include any specific allegations to demonstrate how Defendants Harlan, May, Abernathy, and Schulze were personally involved in any constitutional deprivation. "[T]he mishandling of an inmate grievance alone cannot be a basis for liability under § 1983." *Montanez v. Feinerman*, 439 F. App'x 545, 547 (7th Cir. 2011) (citing *Owens v. Hinsley*, 635 F.3d 950, 953-54 (7th Cir. 2011)). "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the

individual defendant caused or participated in a constitutional deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) As stated above, there is no *respondeat superior* under § 1983. In other words, Defendants Harlan, May, Abernathy, and Schulze cannot be liable based only on their supervisory positions. *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). Officials are accountable for their own acts; they are not vicariously liable for the conduct of subordinates. *See Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009); *Vance v. Rumsfeld*, 701 F.3d 193, 203-05 (7th Cir. 2012) (en banc). If Jail officials are named, they must be named in their individual capacities, and Plaintiff must allege that the official personally participated in the deprivation or was deliberately reckless as to the misconduct of subordinates or was aware and condoned, acquiesced, or turned a blind eye to it. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Defendants Harlan, May, Abernathy, and Schulze are dismissed without prejudice for failure to state a claim under Rule 12(b)(6) and § 1915A.

Plaintiff's Amended Complaint is DISMISSED WITHOUT PREJUDICE as a violation of Rules18 and 20 and for failure to state a claim under Rule 12(b)(6) and § 1915A. The Court will allow Plaintiff a final opportunity to file a Second Amended Complaint within 30 days of this Order. If Plaintiff fails to file a timely Second Amended Complaint, or if the Second Amended Complaint fails to state a claim for relief, his case will be dismissed with prejudice. Plaintiff's Second Amended Complaint will replace Plaintiff's Amended Complaint in its entirety. Piecemeal amendments are not permitted.

If Plaintiff files an Amended Complaint, Plaintiff MUST clearly state whether he was a convicted prisoner or a pretrial detainee when the alleged events occurred.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Amended Complaint is DISMISSED WITHOUT PREJUDICE as a violation of Federal Rules of Civil Procedure 18 and 20 and for failure to state a claim**

**for relief under Rule 12(b)(6) and 28 U.S.C. § 1915A. The Court will allow Plaintiff a final opportunity to file a Second Amended Complaint within 30 days of this Order. If Plaintiff fails to file a timely Second Amended Complaint, or if the Second Amended Complaint fails to state a claim for relief, his case will be dismissed with prejudice. Plaintiff's Second Amended Complaint will replace Plaintiff's Amended Complaint in its entirety. Piecemeal amendments are not permitted.**

2) **If Plaintiff files an Amended Complaint, Plaintiff MUST clearly state whether he was a convicted prisoner or a pretrial detainee when the alleged events occurred.**

3) **The Clerk is directed to send Plaintiff a blank Section 1983 complaint form.**

ENTERED: November 2, 2026

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge